UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MAYNARD WOODS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 3:08-CV-363 |
| ) | (VARLAN/GUYTON) |
| REMINGTON ARMS COMPANY, INC., and ) | |
| FEDERAL CARTRIDGE COMPANY, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION AND ORDER**

This civil action is before the Court on Defendant Federal Cartridge Company's Motion to Dismiss Plaintiff's Complaint [Doc. 27], in which defendant Federal Cartridge Company ("defendant Federal Cartridge") moves the Court for an order dismissing plaintiff Maynard Woods' complaint with prejudice for failure to prosecute and for failure to comply with the discovery order entered in this case, pursuant to Rule 41(b) and Rule 37 of the Federal Rules of Civil Procedure. Plaintiff has not responded to the motion to dismiss and the time for doing so has passed. *See* E.D. TN. LR. 7.1(a), 7.2.

**I.   Background**

Plaintiff filed this lawsuit on July 1, 2008 in the Circuit Court for Campbell County, Tennessee, asserting various products liability claims against defendant Federal Cartridge and defendant Sporting Goods Properties, Inc. ("defendant SGPI") (formerly known and incorrectly sued as "Remington Arms Company, Inc.") [*see* Doc. 1-1]. On September 10, 2008, the case was removed to this Court pursuant to 28 U.S.C. § 1332 and § 1441 [*see* Doc.

1]. The Court entered a scheduling order [Doc. 14] on September 14, 2009, setting the trial in this case for August 23, 2010 [*Id.*, ¶ 8]. Pursuant to the scheduling order, the parties held a telephone discovery conference and agreed to certain deadlines, memorialized in the parties' Rule 26(f) report [Doc. 20]. According to that report, initial disclosures were due by November 9, 2009 [*Id.*, ¶ 2]. Defendant Federal Cartridge asserts that it complied with this deadline, while plaintiff did not, and that it also served plaintiff with an initial set of interrogatories and requests for production of documents on November 9, 2009. Defendant Federal Cartridge submits that in addition to failing to comply with the initial discovery deadline, plaintiff failed to provide any responses to the November 9, 2009 request.

On January 27, 2010, the parties, through counsel, appeared before Magistrate Judge H. Bruce Guyton for a telephone discovery conference at which counsel for plaintiff admitted non-compliance with the discovery deadlines. During the conference, plaintiff agreed that initial disclosures and discovery responses would be provided to defendants by February 5, 2010 and that plaintiff's "failure to do so would be grounds for dismissal in this matter." [Doc. 25, pp. 1-2]. Defendant Federal Cartridge agreed that if plaintiff provided the requested discovery by February 5, 2010, such would remedy its concerns about the continued delay regarding discovery in this matter. By written order following the hearing [*Id.*], Magistrate Judge Guyton ordered plaintiff to make his initial disclosures and respond to all outstanding discovery in this matter on or before February 5, 2010. Magistrate Judge Guyton also ordered that should plaintiff fail to comply with the Court's order, defendant Federal Cartridge could move for dismissal of plaintiff's complaint.

Defendant Federal Cartridge filed the instant motion to dismiss on February 9, 2010, submitting that, as of that date, neither the initial disclosures nor any discovery pursuant to the Court's discovery order had been provided by plaintiff. Plaintiff has not responded to the motion to dismiss and the Court has had no indication that plaintiff has provided discovery, otherwise complied with the Court's discovery order, or requested an extension of the deadline.

**II.     Analysis**

Defendant Federal Cartridge has moved for dismissal of plaintiff's complaint based on plaintiff's failure to prosecute, plaintiff's failure to comply with the Federal Rules of Civil Procedure, and plaintiff's failure to comply with the discovery order entered in this case. Federal Rule of Civil Procedure 41(b) provides that a court may dismiss a case with prejudice "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order . . . ." Fed. R. Civ. P. 41(b). Federal Rule of Civil Procedure 37 provides that a court may dismiss an action, in whole or in part, for failure to comply with a discovery order. Fed. R. Civ. P. 37(b)(2)(A)(v).

While the United States Court of Appeals for the Sixth Circuit has found dismissal to be a "sanction of last resort[,]" *Beil v. Lakewood Eng'g & Mfg. Co.*, 15 F.3d 546, 552 (6th Cir. 1994), the Sixth Circuit has also stated that dismissal as a sanction may be appropriate under certain circumstances. In determining whether to dismiss an action for failure to cooperate with discovery under Rule 37, a court should consider (1) whether the party acted with willfulness, bad faith, or fault; (2) whether prejudice resulted from the discovery

3

violation; (3) whether the party had been warned that his or her conduct could lead to extreme sanctions; and (4) whether less drastic sanctions were previously imposed or should be considered. *Grant v. LaFarge N. Am., Inc.*, No. 3:08-CV-332, 2009 U.S. Dist. LEXIS 107075 (E.D. Dist. Aug. 21, 2009) (quoting *Doe v. Lexington-Fayette Urban County Gov't*, 407 F.3d 755, 766 (6th Cir. 2005)).

As to the first factor, whether plaintiff acted with willfulness, bad faith, or fault, the Court cannot conclude that plaintiff's failure to comply with the discovery deadlines and the discovery order was anything but willful as plaintiff has offered the Court no explanation for the failure to comply with the deadlines set in this case. The Sixth Circuit "has held that absent a clear record of delay or contumacious conduct, an abuse of discretion occurs if the district court dismisses an action with prejudice." *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997) (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)). "The sanction of dismissal is appropriate only if the attorney's dilatory actions amounted to failure to prosecute and no alternative sanction would protect the integrity of pre-trial procedures." *Carter*, 636 F.2d at 161. In this case, the record of on-going attempts by defendant Federal Cartridge, along with the order of Magistrate Judge Guyton to facilitate plaintiff's obligation to provide discovery, demonstrates such a "clear record of delay." While the Court will not say that plaintiff's conduct was contumacious, it is clear that, on multiple occasions, plaintiff has failed to comply with the discovery deadlines set by the parties and by this Court. It is also clear that plaintiff has not requested relief from such deadlines or moved in a timely manner to extend the deadlines, despite willingness by defendant Federal Cartridge to extend

such deadlines. Moreover, plaintiff has also acknowledged that dismissal of this case would be appropriate in the event plaintiff failed to comply with Magistrate Judge Guyton's order. Accordingly, the Court finds that there is a "clear record of delay" in this case as plaintiff failed to comply with discovery deadlines, the Court's order, and has seemingly ceased to prosecute this case.

As to the second factor, whether prejudice has resulted from plaintiff's delay in complying with discovery, this case has been pending on this Court's docket for at least twenty months, with next to no activity by plaintiff. The Court recognizes that the trial, currently set for August 23, 2010, could, with difficulty, still be viable, but the Court finds that defendant Federal Cartridge has indeed been prejudiced by the delay in discovery because it has been forced to expend time, money, and resources addressing plaintiff's delay, and no discovery from plaintiff has been received to date. Further, defendant Federal Cartridge submits that due to the lack of discovery, it has been unable to file any dispositive motions as plaintiff has provided no information and/or documents linking it to plaintiff's allegations.

As to the third and fourth factors, the Court notes that plaintiff was explicitly warned, at the discovery conference on January 27, 2010 and in the follow-up order by the Magistrate Judge, that defendant Federal Cartridge would be free to move for dismissal if plaintiff did not comply with the discovery order. The Court also notes that defendant Federal Cartridge has engaged in efforts to work with plaintiff on discovery matters, including the Rule 26(f) meeting, agreements to extend discovery deadlines, and two telephone conferences.

However, plaintiff has still not complied with the initial discovery deadlines and the extended discovery deadlines. Moreover, as stated above, this case has now been pending for upwards of twenty months and the Court has had no indication from plaintiff that it intends to engage in the prosecution of this case.

**III. Conclusion**

For the reasons stated above, defendant Federal Cartridge Company's Motion to Dismiss Plaintiff's Complaint [Doc. 27] is **GRANTED**. Federal Cartridge Company is **DISMISSED** as a party to this case.

IT IS SO ORDERED.

s/ Thomas A. Varlan<br>
UNITED STATES DISTRICT JUDGE