UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| MAYNARD WOODS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:08-CV-363 |
| | ) | (VARLAN/GUYTON) |
| REMINGTON ARMS COMPANY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

This civil action is before the Court on the Motion for Summary Judgment [Doc. 15], filed by defendant Sporting Goods Properties, Inc., formerly known and improperly sued as Remington Arms Company, Inc. In the motion for summary judgment, defendant requests entry of summary judgment in its favor pursuant to Rule 56 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 56. Plaintiff Maynard Woods has not filed a response to the motion for summary judgment and the time for doing so has passed. *See* E.D. TN. LR 7.1(a), 7.2. The motion for summary judgment is ripe for the Court's consideration.

**I.   Facts**

Defendant is a company that manufactures rifles [Doc. 1-1, ¶ 4]. In 1976, defendant manufactured and sold a Model 760 rifle (the "Model 760 rifle") [Doc. 1-1, ¶ 16; Doc. 7, ¶ 4; Doc. 17-1]. On October 16, 1982, plaintiff purchased this Model 760 rifle, manufactured by defendant, at a pawn shop in LaFollette, Tennessee [Doc. 17-2]. On July 11, 2007,

plaintiff alleges that this rifle malfunctioned and injured him as he was attempting to fire it [Doc. 1-1, ¶¶ 10-13].

On July 1, 2008, plaintiff filed a complaint against defendant and Federal Cartridge Company ("FCC")[1] in the Circuit Count for Campbell County, Tennessee, asserting products liability claims under Tennessee Code Annotated §§ 29-28-101, *et seq.* [Doc. 1-1]. Plaintiff's product liability claims are based on theories of negligence and breach of warranty and arise out of the injuries plaintiff allegedly sustained when he attempted to fire the Model 760 rifle on July 11, 2007 [*see* Doc. 1-1, ¶¶ 6, 13, 16]. The case was removed to this Court pursuant to the Court's diversity jurisdiction under 28 U.S.C. § 1332 [Doc. 1]. On September 29, 2008, defendant filed its answer, asserting the affirmative defense that plaintiff's products liability claims against it are affirmatively barred by Tennessee's statute of repose for product liability actions [Doc. 7, p. 3, ¶ 2].

On November 15, 2009, defendant filed the instant motion for summary judgment [Doc. 15], asserting that plaintiff's product liability claims against it are barred by the statute of repose because plaintiff commenced this action against defendant more than ten (10) years after plaintiff first purchased the Model 760 rifle. Accordingly, defendant requests that the Court dismiss plaintiff's claims against it with prejudice. Plaintiff did not file a response. After careful consideration of the motion for summary judgment, defendant's supporting

---

[1] On April 29, 2010, the Court granted Federal Cartridge Company's ("FCC's") motion to dismiss, dismissing FCC from this litigation [*see* Doc. 32].

briefs, and the applicable law, the Court finds the motion for summary judgment well-taken and it will be granted.

## II. Analysis

### A. Standard of Review

Summary judgment is proper only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of establishing that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 n.2 (1986). The Court views the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Burchett v. Kiefer*, 310 F.3d 937, 942 (6th Cir. 2002). To establish a genuine issue as to the existence of a particular element, the non-moving party must point to evidence in the record upon which a reasonable finder of fact could find in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. *Anderson*, 477 U.S. at 248.

The judge's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper question for the factfinder. *Anderson*, 477 U.S. at 250. The judge does not weigh the evidence or determine the truth of the matter. *Id.* at 249. Thus, "[t]he inquiry performed is the threshold

inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250.

B.     **The Tennessee Statute of Repose**

Because this case is presented under diversity jurisdiction, the Court is required to apply the applicable state substantive law. *See Hostetler v. Consol. Rail Corp.*, 123 F.3d 387, 390 (6th Cir. 1997). The Tennessee Products Liability Act of 1978, Tenn. Code Ann. §§ 29-28-101, *et seq.*, applies to all actions seeking to recover for personal injuries, death, or property damage caused by defective or unreasonably dangerous products. *See* Tenn. Code Ann. § 29-28-102(5), (6). The Act contains its own statute of repose:

> Any action against a manufacturer or seller of a product for injury to person or property caused by its defective or unreasonably dangerous condition must be brought within the period fixed by §§ 28-3-104, 28-3-105, 28-3-202 and 47-2-725, but notwithstanding any exceptions to these provisions, it must be brought within six (6) years of the date of injury, *in any event, the action must be brought within ten (10) years from the date on which the product was first purchased for use or consumption*, or within one (1) year after the expiration of the anticipated life of the product, whichever is the shorter, except in the case of injury to minors whose action must be brought within a period of one (1) year after attaining the age of majority, whichever occurs sooner.

Tenn. Code Ann. § 29-28-103(a) (emphasis added). The statute of repose is a rule of substantive law that must be applied by a federal court sitting in diversity. *See, e.g., Myers v. Hayes Int'l Corp.*, 701 F. Supp. 618, 622-25 (M.D. Tenn. 1988).

4

The Tennessee statute of repose imposes an absolute time limit within which products liability claims must be filed. The statute defines "product liability action" broadly to include:

> [A]ll actions brought for or on account of personal injury, death, or property damage caused by or resulting from the manufacture, construction, design, formula, preparation, assembly, testing, service, warning, instruction, marketing, packaging or labeling of any product. . . . [and] all actions based upon the following theories: strict liability in tort; negligence; breach of warranty, express or implied; breach of or failure to discharge a duty to warn or instruct, whether negligent, or innocent; misrepresentation, concealment, or nondisclosure, whether negligent, or innocent; or under any other substantive legal theory in tort or contract whatsoever[.]

Tenn. Code Ann. § 29-28-102(6).

### C. Application of the Statute of Repose to this Case

By its terms, the Tennessee statute of repose applies to plaintiff's products liability claims against defendant. Plaintiff alleged product liability claims grounded on theories of negligence and breach of warranty, claims which are included in the statutory definition of "products liability action." *See* Tenn. Code Ann. § 29-28-102(6). Moreover, it is undisputed that plaintiff commenced this product liability action against defendant more than ten (10) years after he first purchased the Model 760 rifle for his use [Doc. 17-2; Doc. 17-1]. Thus, because plaintiff purchased the rifle on October 16, 1982, nearly twenty-five (25) years prior to the commencement of this lawsuit, the statute of repose bars plaintiff from recovering from defendant for his product liability claims for injuries to his person which allegedly occurred on July 11, 2007 as a result of the malfunctioning of the Model 760 rifle.

### III.     Conclusion

For the reasons set forth herein, the Motion for Summary Judgment [Doc. 15], filed by defendant Sporting Goods Properties, Inc., formerly known and improperly sued as Remington Arms Company, Inc., will be **GRANTED**, whereby plaintiff Maynard Woods' claims will be **DISMISSED with prejudice** and this case will be **CLOSED**. An appropriate order will be entered.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE
